# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TREVOR ANDREW JONES,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00277 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **BARBARA FROST, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Trevor Andrew Jones, Pro Se Plaintiff; Anne M. Morris,* OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, *Richmond, Virginia, for Virginia Department of Corrections Defendants; Brittany E. Shipley and Rosalie P. Fessier,* TIMBERLAKESMITH, *Staunton, Virginia, for Defendants Bland, Starkey, Ohai, Stanford and Jamerson.*

The plaintiff, Trevor Andrew Jones, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights at Buckingham Correctional Center (BCC) by employees of the Virginia Department of Corrections (VDOC). Jones has filed a separate motion seeking interlocutory injunctive relief. After review of the record, I will deny this motion.

In the Complaint, Jones appears to assert claims related to: (1) medical treatment for his August 2021 salmonella poisoning; (2) food products being purchased from a facility allegedly known to fail health and Food and Drug Administration inspections; (3) failure to treat his fatty liver disease and to diagnose

and treat his abdominal pain; and (4) the responses he has received to institutional grievances regarding his medical care.

In the Motion for Preliminary Injunction, Jones asserts the following claims: (a) officials did not timely deliver to Jones a piece of legal mail received at BCC on Friday, June 9, 2023, and it had not been delivered to him as of Sunday afternoon, June 11, 2023; (b) Watch Commander Lt. Holman (who is not a defendant) improperly denied Jones an in-person visit on June 10, 2023; (c) Jones was only able to submit the instant Complaint because a jail-house lawyer has been and is currently helping him; and (d) Jones has not received a CT scan ordered to diagnose his abdominal pain. Jones asks the court to issue these injunctions: (1) that Jones not be transferred from BCC while this lawsuit is ongoing; (2) that BCC administration stop retaliating against Jones by violating VDOC policies; and (3) that Jones receive a CT scan of his abdomen within thirty days. The defendants have responded to this motion, arguing that it must be denied. I agree.

Jones fails to state facts showing how three of the four issues in the motion are related to his underlying claims in the Complaint. "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between

the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (internal quotation marks and citation omitted). Jones' allegations in his motion — that he did not timely receive legal mail, that Lt. Holman wrongly denied him an in-person visit, and that Jones needs to stay at BCC to maintain access to his jailhouse lawyer — are wholly unrelated to the allegations in the Complaint. Thus, as to these three issues, I must deny the motion.

The fourth issue in the motion, regarding Jones' claim about a CT scan of his abdomen, bears some relation to claims in the Complaint. However, Jones fails to make the factual showings necessary to warrant the relief he seeks.

"A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). A party seeking a preliminary injunction must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.* "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

Jones fails to state facts to support any of the required showings under *Winter*. First, his motion does not show how he is likely to succeed on his underlying claims in the Complaint. Neither Jones nor the court have yet received any response from the defendants concerning Jones'w claims. And mere disagreements between a patient and his medical providers about the type and timing of treatment provided do not rise to the level of a constitutional violation as required to state a § 1983 claim. *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished).

Second, Jones does not clearly establish a likelihood of irreparable harm in the absence of the requested court intervention. He offers no evidence in the motion suggesting that he will suffer any aggravation of his abdominal condition if he does not receive a CT scan on his preferred schedule. At the most, his allegations present a possibility of resulting harm if the scheduled CT scan is further delayed, which does not constitute the type of showing *Winter* requires. Moreover, Jones does not demonstrate that the equities tip in his favor or that the public interest would be served through court interference with the administration of medical treatment to a prisoner who admits he is under the care of medical professionals.

For these reasons, I cannot find that Jones has clearly demonstrated that he is entitled to the preliminary injunctions sought. It is thus **ORDERED** that his motion, ECF No. 10, is DENIED.

ENTER: August 29, 2023

/s/  JAMES P. JONES
Senior United States District Judge